UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAMELA TRUJILLO                              CIVIL ACTION

VERSUS                                       NO: 12-1532

ENOCH SHIVERS, ET AL.                        SECTION: "J"(4)

**ORDER AND REASONS**

Before the Court is the Motion to Dismiss, or Alternatively Stay, on the Basis of Abstention **(Rec. Doc. 7)**, filed on behalf of Ryder Truck Rental, Inc., ("Ryder"), Performance Food Group, Inc., ("Performance Food Group"), and Zurich American Insurance Co., ("Zurich") (collectively "Defendants"). Pamela Trujillo ("Plaintiff") has filed an Opposition **(Rec. Doc. 8)**. Having considered the Defendants' motion, the parties' memoranda, and the applicable law, the Court finds that the Defendants' motion should be **DENIED** for reasons set forth more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This lawsuit arises out of a June 17, 2011 motor vehicle accident in St. Tammany Parish. Plaintiff allegedly sustained personal injuries when a Performance Food Group employee, Enoch

Shivers, improperly changed lanes while traveling on eastbound Interstate 12, forcing the plaintiff to lose control of her vehicle, leave the roadway, and flip three or four times.  On June 11, 2012, Plaintiff filed a petition against Enoch Shivers and Defendants in the 22nd Judicial District Court for the Parish of St. Tammany seeking compensation for the injures that she allegedly sustained in the accident.  Four days later, on June 15, 2012, Plaintiff filed an identical complaint against Defendants in this Court, asserting diversity of citizenship under 28 U.S.C. § 1332 as the jurisdictional basis for the action.

## PARTIES' ARGUMENTS

Defendants argue that the Court should dismiss, or alternatively stay these parallel federal proceedings out of deference to the 22nd Judicial District Court for the Parish of St. Tammany.  In Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the Supreme Court adopted a multi-factored test used to determine whether exceptional circumstances exist that warrant a stay of a parallel federal proceeding.  The Defendants argue, applying the Colorado River factors, that there are exceptional circumstances in this case warranting dismissal, or alternatively, a stay of the parallel federal proceedings.

Plaintiff counters that the only issue is whether the Court may stay the federal proceedings pending the resolution of the parallel state proceedings, because outright dismissal on the basis of traditional abstention principles is never permitted in an

action for damages.  Plaintiff further argues that the Defendants'
request for a stay should be denied, because Defendants cannot meet
their burden of showing "exceptional circumstances," as none of the
Colorado River factors weigh in favor of abstention.

## LEGAL STANDARD

Abstention is a very narrow exception to the duty of a federal
district court to adjudicate a controversy that is properly before
it.  Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1,
16 (1983); Colorado River Water Conservation Dist., 424 U.S. at
813.  Under the Colorado River doctrine, a federal court may only
abstain under "exceptional circumstances."  Brown v. Pacific Life
Ins. Co., 462 F.3d 384, 394 (5th Cir. 2006)(quoting Kelly Inv. Inc.
v. Contintental Common Corp., 315 F.3d 494, 497 (5th Cir. 2002)).
There are six factors the court must balance on a case-by-case
basis to determine whether exceptional circumstances warrant
abstention: (1) assumption by either state or federal court over a
res, (2) relative inconvenience of the fora, (3) avoidance of
piecemeal litigation, (4) the order in which jurisdiction was
obtained by the concurrent fora, (5) the extent federal law
provides the rules of decision on the merits, and (6) the adequacy
of the state proceedings in protecting the rights of the party
invoking federal jurisdiction.  Brown, 462 F.3d at 395 (citations
omitted).  "[T]he decision whether to dismiss a federal action
because of parallel state-court litigation does not rest on a
mechanical checklist, but on a careful balancing of the important

factors as they apply in a given case, *with the balance heavily weighted in favor of the exercise of jurisdiction*." <u>Moses H. Cone Mem. Hosp.</u>, 460 U.S. at 16 (emphasis added).

## DISCUSSION

### A. Assumption of Either Court Over a Res

Neither this Court nor the state court has exercised jurisdiction over any *res* in this personal injury suit.   "The absence of this factor is not neutral. Rather the absence of this factor weighs against abstention."   <u>Murphy v. Uncle Ben's, Inc.</u>, 168 F.3d 734, 738 (5th Cir. 1999).   Thus, this factor weighs against abstention.

### B. The Relative Inconvenience of the Forums

The Defendants argue that St. Tammany Parish is the more convenient forum for disposition of this case.   They point out that St. Tammany Parish is where Plaintiff resides, where the accident occurred, where the officer and agency charged with investigating the accident are presumably located, and where several sources of proof are located.   The Plaintiff argues that neither forum is more or less convenient due to the close proximity of the two courthouses, and that the inconsequential difference in the convenience of the federal forum weighs against abstention.

The Plaintiff has the stronger argument.   The Court's inquiry with respect to this factor is "'whether the inconvenience of the federal forum is so great' that abstention is warranted," not whether the state forum is more convenient. <u>Kelly Inv., Inc.</u>, 315

F.3d at 498 (quoting Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1192 (5th Cir. 1988)).  When "the federal and state courts are in approximately the same geographic location within the state," this factor weighs against abstention.  Black Sea Inv., Inc. v. United Heritage Corp., 204 F.3d 647, 650 (5th Cir. 2000). The St. Tammany Parish courthouse is located in Covington, Louisiana, and the Eastern District is located in New Orleans, Louisiana, approximately an hour away.  The Court finds that the difference in the relative convenience of the two forums is inconsequential.  Thus, any additional inconvenience of the federal forum is not so great that abstention is warranted.  This factor weighs against abstention.

### C. Avoidance of Piecemeal Litigation

The Defendants argue, without citing any authority, that allowing both suits to proceed on parallel tracks would clearly result in piecemeal litigation.  According to Defendants, the serious risk of conflicting state and federal rulings on discovery issues and pre-trial motions, as well as the risk of two conflicting jury verdicts if both matters proceed to trial, warrants abstention.  The Plaintiff counters that allowing both suits to proceed will not result in piecemeal litigation, because both suits involve the same issues of fact, liability, and damages. The Plaintiff points out that the identical attorneys represent the Defendants in both suits, and that if a money judgment is rendered in Plaintiff's favor in the federal suit, the full satisfaction of

that money judgment by or on behalf of the Defendants will satisfy the Plaintiff's claims in the state suit.

The Defendants' emphasis on the duplicative nature of the state and federal proceedings and the potential for inconsistent pre-trial rulings and verdicts is misguided.[1]  Black Sea Inv., 204 F.3d at 650 ("*Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction.  The real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property.");  Stewart v. Western Heritage Ins. Co., 43 F.3d 488, 492 (5th Cir. 2006).  The potential for piecemeal litigation exists when there is an additional claim or party in one of the suits that is not present in the other suit.  See Stewart, 43 F.3d at 492.  Since this case does not involve a property dispute, and the parties and claims are identical in both lawsuits, this factor weighs against abstention.  Black Sea Inv., 204 F.3d at 650-51; See also Stewart, 438 F.3d at 492.

---

[1]The Defendants' concerns about inconsistent rulings and verdicts are not unique to this case. In every instance where a federal court considers staying a parallel federal proceeding on the basis of traditional abstention principles, there is potential for inconsistent rulings and verdicts.  See American Guaranty & Liability Ins. Co. v. Anco Insulations, Inc., 408 F.3d 248, 251 (5th Cir. 2005) (explaining that "[a]s an initial matter, a stay under Colorado River is permissible only when the federal and state cases are 'parallel,'" and that parallel suits are suits that involve the same parties and the same issues). However, there is no risk of inconsistent judgments in this case, because if one court renders judgment before the other, the judgment will have a *res judicata* effect.  Kelly Inv., Inc., 315 F.3d at 498-99.

**D. The Order in Which Jurisdiction Was Obtained**

The Defendants argue that this factor weighs in favor of abstention, because the Plaintiff filed the state suit before the federal suit.  The Plaintiff counters that the order of filing is not determinative, and that the Court must also take into account how much progress has been made in the two actions.  The Plaintiff further argues that this favor does not weigh in favor of abstention, because both suits are in their infancy and no more progress has been made in one forum than the other.  "The inquiry under this factor is 'how much progress had been made in the two actions.'"  Stewart, 438 F.3d at 492.  Where no progress has been made on the merits of either case and the suits are proceeding at approximately the same pace, this factor weighs against abstention. Black Sea Inv., 204 F.3d at 651.  In this case, although the state suit was filed first, neither suit has progressed beyond the filing of the complaint.  Under these circumstances, the factor weighs against abstention.

**E. The Extent to Which Federal Law Provides the Rules of Decision on the Merits**

The Defendants point out that federal law will not govern in this diversity case arising out of a motor vehicle accident.  The Plaintiffs argue that the lack of federal law in this diversity case is a neutral factor in the abstention analysis.  "'The absence of a federal-law issue does not counsel in favor of abstention,'" and "'the presence of state law issues weighs in favor of surrender

only in rare circumstances.'"  Black Sea Inv., 204 F.3d at 651 (quoting Evanston Ins. Co., 844 F.2d at 1189).  In Black Sea Investments, the Fifth Circuit found that this factor was "at most neutral" in a case where the federal court needed to apply a recent Texas Supreme Court decision, the effect of which the parties disputed.  Id.  In this case, the Defendants have not identified any contested state-law issues like those in Black Sea Investments, much less shown the kind of rare circumstances that would cause this factor to weigh in favor of abstention.  Thus, in this diversity suit, which involves relatively straightforward Louisiana tort law, this factor is neutral at most.

**F. The Adequacy of the State Proceedings to Protect the Rights of the Party Invoking Federal Jurisdiction**

The Defendants argue that the state proceedings will adequately protect the plaintiff's rights and that this factor weighs heavily in favor of abstention.  The Plaintiff concedes that the state proceedings may be adequate, but argues that this factor is neutral.  The adequacy of the state proceedings to protect Plaintiff's rights "'can only be a neutral factor or one that weighs against, not for, abstention.'"  The fact that the state proceedings appear to be adequate is a neutral factor in the abstention analysis.  Black Sea Inv., 204 F.3d at 651.  As the parties agree that the state proceedings are adequate to protect plaintiff's rights, this factor is neutral.

Although all of the Colorado River factors are either neutral

or weigh against abstention, the Defendants argue that the maintenance of identical lawsuits would not serve judicial efficiency, and that dismissal of the matter would serve the "compelling interest of preserving judicial efficiency." The only authority that Defendants cite in support of their judicial efficiency argument is Robichaux Construction, Inc. v. Solid Waste Disposal, Inc., 707 F. Supp. 242 (E.D. La. 1989). This decision is not binding on the Court, and the part of the decision that Defendants rely on has been undermined by subsequent Fifth Circuit authority. In Robichaux, the district court referenced judicial economy and efficiency in the context of analyzing the "avoidance of piecemeal litigation factor," without citing any authority. In 2000, the Fifth Circuit reversed a district court that "expressly granted a stay primarily to avoid wasteful, duplicative litigation," Black Sea Inv., 204 F.3d at 650-52, and explained that "[d]uplicative litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." Id. at 650 (alterations added). In 2006, the Fifth Circuit re-emphasized that there is a difference between "duplicative" and "piecemeal" litigation and that duplicative litigation alone, despite its conceded inefficiency, is not a sufficient reason for a federal court to abstain. Stewart, 438 F.3d at 492 ("While *duplicative litigation is permitted*, *Colorado River* prevents 'piecemeal litigation,' and the concomitant danger

of inconsistent rulings with respect to a piece of property.")
(emphasis added) (citations omitted).

Moreover, Defendants have taken the portion of Robichaux that
they rely on out of context.   Although the district court's
decision to abstain in Robichaux was partly based on concerns about
judicial efficiency and economy, two Colorado River factors weighed
in favor of abstention.  See Robichaux, 707 F. Supp. at 244-45.  In
Robichaux, the state suits were filed several months before the
federal suits, and one of them was on the verge of trial when the
federal suit was filed.  Id. at 245, n.10.  Moreover, there was
significant potential for piecemeal litigation, because the parties
and claims were not identical in the state suit and the federal
RICO suit, although they were related.  Id. at 243-245.  The
Colorado River factors are applied on a case-by-case basis, and in
this case, unlike Robichaux, all of the Colorado River factors are
either neutral or weigh against abstention.  The Plaintiff filed
the instant federal suit a mere four days after filing her state
suit; there has been little progress in either suit; and the
parties and claims are identical in both suits.  Thus, the verbiage
and result in Robichaux have no bearing on the Court's analysis in
this case.

As all of the Colorado River factors are either neutral or
weigh against abstention in this case, the Court finds that there
are no exceptional circumstances warranting abstention.  Thus, it
is unnecessary to address the issue of whether outright dismissal

is permitted under <u>Colorado River</u> abstention principles, as neither a stay nor a dismissal is warranted under the circumstances. Accordingly,

     **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, or Alternatively Stay on the Basis of Abstention is **DENIED**.

     New Orleans, Louisiana, this 12th day of October, 2012.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE